IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


MIGUEL JOSEPH LANGE,

       Plaintiff,                1:07 CV 1811 AWI WMW PC

       vs.                      ORDERGRANTING LEAVE TO
                                  FILE AN AMENDED COMPLAINT

                              (THIRTY DAY DEADLINE)

SERGEANT BEER, et al.,

       Defendants.


Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at High Desert State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison.

Plaintiff's  claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges that on September 19, 2005, he was  subjected to excessive force. The court finds that the complaint states a claim for relief as to defendants Hobbs, Trujillo, Hayward, Morales, Beer, and Jane Doe for excessive force.

1    As to defendant Luther, Plaintiff only alleges that he opened the cell door.  Plaintiff

2  alleges no other conduct as to C/O Luther.  "What is necessary to show sufficient harm for

3  purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends

4  upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective

5  component of an Eighth Amendment claim is . . . contextual and responsive to contemporary

6  standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and

7  sadistic use of force to cause harm always violates contemporary standards of decency, regardless

8  of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623,

9  628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of

10  force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives

11  rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and

12  unusual punishments necessarily excludes from constitutional recognition de minimis uses of

13  physical force, provided that the use of force is not of a sort repugnant to the conscience of

14  mankind."  Id. at 9-10 (internal quotations marks and citations omitted).

15    "[W]henever prison officials stand accused of using excessive physical force in violation

16  of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

17  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

18  cause harm."  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it

19  may also be proper to evaluate the need for application of force, the relationship between that

20  need and the amount of force used, the threat reasonably perceived by the responsible officials,

21  and any efforts made to temper the severity of a forceful response."  Id. (internal quotation

22  marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth

23  Amendment inquiry, but does not end it."  Id.

24    As to Dr. Otanza, Plantiff alleges no conduct at all.  To warrant relief under the Civil

25  Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the

26

deprivation of his constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.

1993).    In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was

acting under color of state law at the time the complained of act was committed; and (2) that

person's conduct deprived plaintiff of rights, privileges or immunities secured by the

Constitution or laws of the United States.  Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions

of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

right, within the meaning of section 1983, if he does an affirmative act, participates in another's

affirmative acts or omits to perform an act which he is legally required to do that causes the

deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

1978).

The court will grant Plaintiff leave to file an amended complaint that cures the

 deficiencies identified in this order.  Should Plaintiff fail to do so, the court will send to Plaintiff

the forms for service of process upon defendants  Hobbs, Trujillo, Hayward, Morales, Beer, and

Jane Doe.  The action will proceed against those defendants, and the court will recommend

dismissal of defendants Luther and Ortanza.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed

deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

2    make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

3    complaint be complete in itself without reference to any prior pleading.  This is because, as a

4    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8    In accordance with the above, IT IS HEREBY ORDERED that:

9    1.  Plaintiff's complaint is dismissed; and

10    2.  Plaintiff is granted thirty days from the date of service of this order to file a

11    first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

12    Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

13    docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

14    file an amended complaint in accordance with this order will result in a recommendation that this

15    action be dismissed.

16

17

18    IT IS SO ORDERED.

19    Dated:    **August 5, 2008**            _____/s/  William M. Wunderlich_____
                                               UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26